McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>LUKE ANTHONY SCARMAZZO,<br>RICARDO RUIZ MONTES,<br>JOSE MALAGON,<br>ANTONIO MALAGON,<br>LUCKY JAMAL BOISIERRE,<br>BRADLEY J. WICKLIFFE,<br>BRAD HEINMILLER,<br>STEPHEN J. DEMATTOS, and<br>MONICA VALENCIA,<br><br>        Defendants. | 1:06-CR-00342-AWI<br><br>APPLICATION FOR ORDER<br>REGARDING CRIMINAL FORFEITURE<br>OF PROPERTY IN GOVERNMENT<br>CUSTODY - 18 U.S.C. §<br>983(a)(3)(B)(ii)(II) |

    The United States of America, through its counsel, hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

    On or about July 21, 2006, local law enforcement agents executed a State search warrant at a residence associated with defendant Ricardo Ruiz Montes located at 2600 Beatrice Lane,

1

Modesto, California, where they seized the following property:

    a).  Approximately $93,095.00 in U.S. Currency.

On August 2, 2006, a Turn Over Order was signed by Superior Court Judge Hurl W. Johnson turning over the approximately $93,095.00 in U.S. Currency to the Drug Enforcement Administration ("DEA") for Federal forfeiture proceedings.

On or about September 20, 2006, Magistrate Judge O'Neill issued civil seizure warrants pursuant to 18 U.S.C. § 981(b) based on probable cause for the following funds in the various bank accounts. On or about September 27, 2006, agents of the DEA seized the following funds for the purpose of initiating civil forfeiture proceedings:

    b).  Approximately $15,528.99 seized from Bank of America Account Number 11646-06416 in the names of Luke Scarmazzo and/or Ricardo Ruiz Montes dba California Healthcare Collective;

    c).  Approximately $8,746.39 seized from Bank of America Account Number 11642-01185 in the name of Ricardo Ruiz Montes;

    d).  Approximately $501.89 seized from Wells Fargo Bank Account Number 110-0722964 in the names of Luke Scarmazzo and/or Ricardo Ruiz Montes dba California Healthcare Collective;

    e).  Approximately $377.47 seized from Wells Fargo Bank Account Number 385-3057069 in the name of Luke Scarmazzo; and

    f).  Approximately $32,460.84[1] seized from Wells Fargo Bank Account Number 600-0140761 in the names of Luke Scarmazzo and/or Ricardo Ruiz Montes dba California Healthcare Collective.

---

[1] Initially the DEA agent seized approximately $58,224.84 from this account. Wells Fargo Bank contacted DEA to inform them that the account had mistakenly been credited for a single deposit of $12,882 three times. DEA returned the original cashier's check in the amount of $58,224.84 and received another cashier's check in the amount of $32,460.84.

1   On or about September 27, 2006, during the execution of
2  Federal search warrants at various locations associated with
3  defendants Luke Anthony Scarmazzo and/or Ricardo Ruiz Montes,
4  agents seized the following:
5       g).   Approximately $4,450.00 in U.S. Currency;
6       h).   Approximately $4,178.00 in U.S. Currency;
7       i).   Approximately $200.00 in U.S. Currency;
8       j).   Approximately $567.00 in U.S. Currency;
9       k).   Approximately $1,328.20 in U.S. Currency;
10      l).   Approximately $6,950.00 in U.S. Currency; and
11      m).   Approximately $14,920.00 in U.S. Currency.
12      On or about September 28, 2006, local law enforcement agents
13 executed a State search warrant at a residence associated with
14 defendant Lucky Jamal Boisierre located at 1521 Westridge Place,
15 Modesto, California, where they seized the following property:
16      n).   Approximately $18,500.00 in U.S. Currency.
17 On October 27, 2006, a Turn Over Order was signed by a Stanislaus
18 Superior Court Judge turning over the approximately $18,500.00 in
19 U.S. Currency to DEA for Federal forfeiture proceedings.
20      On or about October 5, 2006, during the execution of a
21 Federal search warrant at Wells Fargo Bank located at 2213
22 Clariel Road, Suite C, Riverbank, California, agents seized the
23 following:
24      o).   Approximately $100,010.00 in U.S. Currency seized from
             Safe Deposit Box WFB63663-157; and
25
        p).   Approximately $30,000.00 in U.S. Currency seized from
26            Safe Deposit Box WFB63663-158.
27 Hereinafter, the above-referenced assets (a-p) are collectively
28 referred to as the "seized assets".

3

In accordance with 18 U.S.C. § 983(a)(1), the DEA sent notice to defendants Luke Anthony Scarmazzo, Ricardo Ruiz Montes, Lucky Jamal Boisierre, and Monica Valencia of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about November 13, 2006, defendants Luke Anthony Scarmazzo and Ricardo Ruiz Montes filed claims contesting the administrative forfeiture of asset "a" above pursuant to 18 U.S.C. § 983(a)(2). On or about December 5, 2006, defendant Lucky Jamal Boisierre filed a claim contesting the administrative forfeiture of asset "n" above pursuant to 18 U.S.C. § 983(a)(2). On or about December 15, 2006, defendants Luke Anthony Scarmazzo and Ricardo Ruiz Montes filed claims contesting the administrative forfeiture of assets "b-m" and "o-p" above pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment. An Indictment was filed on October 12, 2006, which contained a forfeiture allegation pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(2). On February 8, 2007, the Government elected the third option when it filed a Bill of Particulars giving notice that it intended to forfeit the seized assets upon conviction of defendants Luke Anthony Scarmazzo, Ricardo Ruiz Montes, and Lucky Jamal Boisierre under the forfeiture provision contained in the Indictment. The Indictment

4

and Bill of Particulars are now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute". The applicable forfeiture statutes in this case are 18 U.S.C. § 982 and 21 U.S.C. § 853. Title 18 U.S.C. § 982(b)(1) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The Government contends that this provision applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to Federal search and seizure warrants, and State search

warrants, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: 2/15/07                          McGREGOR W. SCOTT
                                        United States Attorney


                                        /s/ Kathleen A. Servatius
                                        KATHLEEN A. SERVATIUS
                                        Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a). Approximately $93,095.00 in U.S. Currency;

b). Approximately $15,528.99 seized from Bank of America Account Number 11646-06416 in the names of Luke Scarmazzo and/or Ricardo Ruiz Montes dba California Healthcare Collective;

c). Approximately $8,746.39 seized from Bank of America Account Number 11642-01185 in the name of Ricardo Ruiz Montes;

d). Approximately $501.89 seized from Wells Fargo Bank Account Number 110-0722964 in the names of Luke Scarmazzo and/or Ricardo Ruiz Montes dba California Healthcare Collective;

e). Approximately $377.47 seized from Wells Fargo Bank Account Number 385-3057069 in the name of Luke Scarmazzo;

f). Approximately $32,460.84 seized from Wells Fargo Bank Account Number 600-0140761 in the names of Luke Scarmazzo and/or Ricardo Ruiz Montes dba California Healthcare Collective;

g). Approximately $4,450.00 in U.S. Currency;

h). Approximately $4,178.00 in U.S. Currency;

i). Approximately $200.00 in U.S. Currency;

j). Approximately $567.00 in U.S. Currency;

k). Approximately $1,328.20 in U.S. Currency;

l). Approximately $6,950.00 in U.S. Currency;

m). Approximately $14,920.00 in U.S. Currency;

n). Approximately $18,500.00 in U.S. Currency;

o). Approximately $100,010.00 in U.S. Currency seized from Safe Deposit Box WFB63663-157; and

p). Approximately $30,000.00 in U.S. Currency seized from Safe Deposit Box WFB63663-158.

IT IS SO ORDERED.

**Dated:   February 20, 2007**                                **/s/ Anthony W. Ishii**
0m8i78                                                                  UNITED STATES DISTRICT JUDGE